UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL WALLACE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:18-cv-00538-JRS-MJD |
| | ) |
| RICHARD BROWN, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Michael Wallace petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in case number WVE 18-09-0037.[1] For the reasons explained in this Order, Mr. Wallace's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the

---

[1] In all of the documents submitted by Mr. Wallace, he spells his first name "Micheal." On the Indiana Department of Correction (IDOC) website Mr. Wallace's first name is spelled "Michael." The Court's docket reflects both spellings. The identity of the petitioner is not an issue, so the different spellings are of no immediate consequence. This action and the disciplinary case at issue concern Michael or Micheal Wallace, IDOC number 956850.

evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On September 7, 2018, Indiana Department of Correction (IDOC) Analyst S. Zimmerman was monitoring outgoing mail at the Wabash Valley Correctional Facility. He read a letter sent by Mr. Wallace and prepared a Report of Conduct charging Mr. Wallace with conspiracy/attempting to traffic, a violation of the IDOC's Adult Disciplinary Code offenses A-111 & A-113. The Report of Conduct states:

> On 9/7/2018 while monitoring outgoing mail I, Analyst S. Zimmerman did read a letter being mailed by Offender Michael Wallace #956850 with instructions "to order some spray from China and put it on Charles and Obam car." With 27 years of professional experience and training with the Department of Correction I am aware that the "spray" referred to in the letter is synthetic marijuana, and the term "car" is a slang word for paper. The contents of the letter clearly indicate that Offender Wallace is conspiring/attempting to traffick synthetic marijuana into the facility.

Dkt. 11-1.

Mr. Wallace was notified of the charge on September 13, 2018, when he received the Screening Report. Dkt. 11-4. He pleaded not guilty to the charge. *Id.* Mr. Wallace asked that Analyst Zimmerman be called as a witness and "prove [that] she knows "car" means paper." *Id.* As evidence, Mr. Wallace asked for other conduct reports where Analyst Zimmerman "wrote up [other] offenders for using the slang word car." *Id.*

Analyst Zimmerman was notified of Mr. Wallace's witness and evidence demands. Dkt. 11-5. She responded that she has "27 years of professional experience and training in the DOC. That is sufficient." *Id.* She did not provide any other answer to Mr. Wallace's testimonial

demand other than to write "That is sufficient." *Id.* Analyst Zimmerman also declined to provide Mr. Wallace with conduct reports of other offenders, stating that to do so would be contrary to policy. *Id.*

The disciplinary hearing was held on September 25, 2018. Dkt. 2-1 at 9; dkt. 11-6. Mr. Wallace gave a statement that Analyst Zimmerman mixed up his words and added that his family and friend paint cars and houses. *Id.* The hearing officer considered 26 pages of "evidence" that Mr. Wallace brought to the hearing. *See* dkt. 11-7 (Offender's Hearing Evidence). The evidence was a lengthy written statement from Mr. Wallace explaining what business his family is in and asserting, therefore, that the letter at issue in the disciplinary hearing, dkt. 11-3, was misinterpreted. Mr. Wallace's evidence also included several photographs of vehicles and buildings that he or his family had worked on, and invoices from companies his family dealt with. Dkt. 11-7.

In addition to Mr. Wallace's evidence, the hearing officer also considered the staff reports and the letter at issue. Dkt. 2-1 at 9; dkt. 11-6. The hearing officer found Mr. Wallace guilty of the charge, noting that he found the staff statement (report) and the letter to be "true and accurate." *Id.* Because of the seriousness of the offense and for the likelihood of sanctions having a corrective effect on Mr. Wallace's future behavior, the sanctions imposed were 90 days in restrictive housing, the loss of 90 earned credit days, loss of telephone use for 30 days, and a suspended reduction in credit earning class. *Id.*

Mr. Wallace appealed to the Facility Head and the IDOC Final Reviewing Authority, but neither appeal was successful. Dkt. 2-1 at 1-8; dkts. 11-8 & 11-9. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting five grounds for relief. Dkt. 2.

### C. Analysis

#### 1. Sufficiency of the Evidence

Mr. Wallace's first ground for relief contends there was no evidence in the record to support the hearing officer's decision. Dkt. 2 at 4. He argues that while he mailed a letter containing the statement "order some spray from China and put it on Charles and Obam car," Analyst Zimmeran's "experience" is not evidence to support a conclusion that "spray" meant synthetic marijuana and "car" meant paper. *Id.*

Analyst Zimmerman's experience was that she had 27 years of training and experience in the corrections system. She reported her experience in the Report of Conduct upon which, with the actual letter written by Mr. Wallace, the hearing officer based the finding of guilt. The Warden argues that this is "some evidence" to support the finding of guilt, and also points to other portions of Mr. Wallace's letter that the hearing officer reviewed. Other statements in the letter included "100% cotton paper is good paper that this one dude who mess with [another person] use." Dkt. 11-3 at 2.

The Court's role in reviewing sufficiency of the evidence claims in disciplinary cases is not to weigh the Warden's evidence against the offender's evidence, which is what Mr. Wallace essentially asks the Court to do. The Analyst's experience and training *is* evidence, despite what Mr. Wallace believes, and the hearing officer properly considered it. The Court finds it sufficient.

Mr. Wallace's claim is undercut by the "some evidence" standard of review this Court must apply. Under this standard, "a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is *any* evidence in the record that could support the conclusion reached by

the disciplinary board.") (citation and quotation marks omitted) (emphasis added). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added).

Law enforcement officers, of which Analyst Zimmerman is one, draw on their experience, training, interaction, and observation in making determinations. *See United States v. Hill*, 818 F.3d 289, 294 (7th Cir. 2003) (citing *United States v. Arvizu*, 534 U.S. 266, 273 (2002)). This experience allows prison officials to make determinations about inmate communications, to which the Court gives deference. *See Koutnik v. Brown*, 456 F.3d 777, 785 (7th Cir. 2006).

Therefore, applying these facts to the "some evidence" standard of review, there was "some evidence" to support the hearing officer's decision that Mr. Wallace's letter was an attempt to conspire with others not in prison to mail synthetic marijuana placed on paper into the prison. Mr. Wallace's first ground for relief is **denied**.

### 2 & 3. Impartial Decision Maker

In his second and third grounds for habeas corpus relief, Mr. Wallace argues that because he was handcuffed behind his back during the disciplinary hearing, he was unable to read his exculpatory statement and show pictures that would corroborate his claim of innocence. The hearing officer denied his requests to allow his hands to be restrained in front so that he could present his defense. Dkt. 2 at 4. He also argues that the hearing officer mentioned the sanctions before the hearing began, left the building to deliberate, and mailed him her decision. *Id.*

Mr. Wallace was entitled to be heard by an impartial decisionmaker. *Hill*, 472 U.S. at 454; *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled

to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)).

As to being unable to present his statement and photographs, the record is contrary to Mr. Wallace's claim. The hearing officer specifically notes that she reviewed Mr. Wallace's evidence. Dkt. 11-6. This evidence included Mr. Wallace's very comprehensive statement and numerous photographs relevant to the statement. *See* dkt. 11-7. Having his hands restrained behind his back did not prevent Mr. Wallace from speaking at the hearing.

The hearing officer's mention of sanctions prior to making her decision is not clear evidence of a lack of impartiality or bias. Across the criminal justice system, judges often discuss what penalties could be imposed on a defendant before proceeding to hear evidence. There is no evidence that the hearing officer in Mr. Wallace's case had prejudged the case and made her decision. Indeed, Mr. Wallace argues she left the building to deliberate – which also is not clear evidence of bias – but it is a suggestion that she had not yet made her decision. In the end, all of Mr. Wallace's contentions of bias are merely suspicions, and suspicions are not clear evidence.

Mr. Wallace's assertions and suspicions fall well short of being "clear evidence" of the hearing officer's bias. Accordingly, the second and third grounds for are relief is **denied**.

    **4.**    **Exculpatory Evidence**

In his fourth ground for relief, Mr. Wallace points to his hearing evidence, *see* dkt. 11-7, to contend that it refuted Analyst Zimmerman's conclusions, but the hearing officer found him guilty without an explanation of why his exculpatory evidence was rejected. Dkt. 2 at 5. But this ground for relief is another argument for the weighing of the respective evidence, an action this Court does not take. And while the hearing officer must provide the offender with the reasons for

the decision, *see Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007) ("Due process requires that an inmate subject to disciplinary action is provided a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions." (internal quotation omitted)), there is no requirement that the hearing officer explain why certain evidence was rejected or outweighed by other evidence.

Mr. Wallace's evidence indeed makes a case for his innocence. But the Warden's evidence also makes a case for his guilt. The decision was the hearing officer's to make, not the Court's, and where there is "some evidence" to support the hearing officer's decision, there is no due process violation. *See Ellison*, 820 F.3d at 274. Accordingly, Mr. Wallace's fourth ground for relief is **denied**.

### 5. Right to Call Defense Witness

In his final ground for relief, Mr. Wallace contends that Analyst Zimmerman's refusal to answer any questions about her interpretation of the key words used in the letter at issue violated his right to call witnesses. He contends the words at issue do not mean synthetic marijuana or paper, but Analyst Zimmerman contends the opposite.

A prisoner in a disciplinary proceeding has a right to call witnesses, *Wolff*, 418 U.S. at 320-21, but he does not have an unrestricted right to cross-examine the witnesses against him. In *Baxter v. Palmigiano*, 425 U.S. 308, 321-22 (1976), the Court discussed *Wolff*'s holdings concerning cross-examine of witnesses by prisoners:

> If confrontation and cross-examination of those furnishing evidence against the inmate were to be allowed as a matter of course, as in criminal trials, there would be considerable potential for havoc inside the prison walls. Proceedings would inevitably be longer and tend to unmanageability.
>
> . . . .

> [T]he better course at this time, in a period where prison practices are diverse and somewhat experimental, is to leave these matters to the sound discretion of the officials of state prisons.

*Id.* (citing *Wolff*, 418 U.S. at 567, 569).

The decision to not present Analyst Zimmerman for cross-examination during Mr. Wallace's hearing did not deprive him of due process of law. He was able to make the case he wanted to make – that Analyst Zimmerman was wrong in her interpretation of his letter – and cross-examination of her would have not illuminated the issue. It is highly unlikely that Analyst Zimmerman would have conceded that she was wrong under cross-examination. Not presenting her for cross-examination was a decision best left to prison officials. No due process violation occurred in these circumstances.

For these reasons, Mr. Wallace's fifth ground for relief is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Wallace to the relief he seeks. Accordingly, Mr. Wallace's petition for a writ of habeas corpus is be **denied** and this action is dismissed with prejudice.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: _____10/17/2019_____

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Michael Wallace
956850
Miami Correctional Facility
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810

Lauren Ashley Jacobsen
Indiana Attorney General
lauren.jacobsen@atg.in.gov

Abigail Recker
Indiana Attorney General
abigail.recker@atg.in.gov